UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 17-7585-MWF (MRWx)          **Date:** December 6, 2017
**Title:** Gabriela Najera -v.- Costco Wholesale Corp.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE MOTION TO REMAND [9]

Before the Court is Plaintiff Gabriela Najera's Motion to Remand Entire Action to Los Angeles Superior Court (the "Motion"), filed on November 2, 2017. (Docket No. 9). On November 13, 2017, Defendant Costco Wholesale Corporation filed an Opposition. (Docket No. 12). Plaintiff replied on November 20, 2017. (Docket No. 13). The Court has read and considered the papers filed on the Motion and held a hearing on **December 4, 2017**.

For the reasons set forth below, the Motion is **GRANTED**. Defendant failed to remove the case to federal court within the 30-day time period provided by 28 U.S.C. § 1446(b)(3). Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

## I.    BACKGROUND

Plaintiff initiated this premises liability action on July 13, 2017, in Los Angeles Superior Court. (*See* Complaint (Docket No. 1-1)). Defendant removed the case on October 17, 2017. (Notice of Removal (Docket No. 1)).

Defendant was served with a copy of the Complaint, Summons, and Statement of Damages on July 19, 2017. (Proof of Service (Declaration of Joseph C. Dayball ("Dayball Declaration") ¶ 4, Ex. 1)). The Statement of Damages set forth Plaintiff's general damages in the amount of $150,000 and medical expenses in the amount of $45,000. (Statement of Damages (Dayball Decl. ¶ 5, Ex. 2)).

**CIVIL MINUTES—GENERAL**          1

Case No.  CV 17-7585-MWF (MRWx)                                Date:  December 6, 2017
Title:       Gabriela Najera *-v.-* Costco Wholesale Corp.

     On September 11, 2017, Defendant served verified responses to Plaintiff's Demand for Identification and Production of Documents, Set One.  Among those responses, Defendant produced a document called "Member First Report of Incident" (the "Incident Report").  The Incident Report is signed and dated July 18, 2015 by Plaintiff, and lists her home address as located in North Hills, California, and her work address as located in Van Nuys, California.  (Dayball Decl. ¶¶ 6–8).

     Also on September 11, 2017, Defendant's counsel contacted Plaintiff's counsel and requested that Plaintiff's discovery responses be provided to Defendant's counsel by email as well as mail on the due date of September 13, 2017 so that Defendant's counsel would have the opportunity to review the responses before Plaintiff's deposition on September 18, 2017.  (Dayball Decl. ¶ 9).  Plaintiff's counsel agreed, and on September 13, sent PDFs of Plaintiff's discovery responses to Defendant's counsel.  (*Id.* ¶¶ 9, 11).  Defendant's counsel confirmed receipt on September 14, 2017.  (*Id.* ¶¶ 12–14).  In response to a September 14 inquiry from Defendant's counsel, Plaintiff's counsel confirmed that the mailed versions of the responses contained verifications, and that the emailed versions did not contain verifications, although they were otherwise identical.  (*Id.* ¶¶ 15–16).

     Defendant received Plaintiff's verified responses in the mail on September 18, 2017.  Those responses indicated that Plaintiff was born in Mexico, moved to the United States, graduated from high school in California, and has lived at an address in Southern California for at least five years.  The responses also provided medical documentation of Plaintiff's medical expenses. (Declaration of Michael Miretsky ("Miretsky Declaration") ¶ 8, Exs. F, G, H).

     On September 18, 2017, Plaintiff testified at deposition that she is a permanent United States resident with a green card, and has lived at her current address in North Hill, California, for nine years.  (Miretsky Decl. ¶ 9, Ex. I).

## II.    DISCUSSION

     In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7585-MWF (MRWx)                    Date:  December 6, 2017
Title:      Gabriela Najera -v.- Costco Wholesale Corp.

defendants, to the district court[.]" 28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Here, the parties do not dispute that the underlying facts show removal was proper.  The parties contest only the timing of Defendant's removal.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  If the initial pleadings do not state a removable case, 28 U.S.C. § 1446(b)(3) additionally permits removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal . . . ." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

In Plaintiff's view, Defendant was in receipt of "other papers" from which removability could be ascertained by as early as July 19, 2017, when Defendant was served with the Statement of Damages indicating damages above the jurisdictional minimum, and presumably possessed the Incident Report indicating Plaintiff's work and home address in California, which Defendant produced to Plaintiff on September 11, 2017.  (Mot. at 5–6).  Together, Plaintiff argues, the Statement of Damages and the Incident Report would have provided Defendant with sufficient information from which to ascertain removability.  (*Id.* at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7585-MWF (MRWx)                              Date:  December 6, 2017
Title:     Gabriela Najera *-v.-* Costco Wholesale Corp.

Regardless of whether Defendant possessed the Incident Report on September 11 or as early as July 19, possession of that report would not trigger the 30-day time limit. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013) ("'defendant's subjective knowledge cannot convert a non-removable action into a removable one' such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant").

Alternatively, Plaintiff argues that Defendant was in receipt of such "other papers" by, at the very latest, September 14, 2017, which is the date Defendant confirmed receipt of Plaintiff's emailed discovery responses. (Mot. at 5). At that point, Defendant was in possession of information regarding Plaintiff's citizenship and residency, and documentation of Plaintiff's medical expenses, which formed the bases for Defendant's Notice of Removal. (*Id.*; Notice of Removal ¶ 6). Defendant contests whether Plaintiff's discovery responses, sent via email and without verifications, qualify as "other paper" referenced by § 1446(b)(3). (Opp. at 8).

The primary issue is whether the unverified discovery responses qualify as "other papers" under § 1446(b)(3). The Court concludes that they do. The 30-day time limit therefore began to run as of September 14, 2017, which means that any Notice of Removal filed after October 16, 2017 was untimely. Defendant's Notice of Removal was filed on October 17, 2017.

In *Babasa v. LensCrafters, Inc.*, the Ninth Circuit held that a letter sent in preparation for mediation constituted a valid basis for removal even though the letter was privileged under California law. 498 F.3d 972, 974–75 (9th Cir. 2007) (holding that because letter constituted notice of removability, notice of removal filed over 30 days after receipt of letter was untimely). In so holding, the Ninth Circuit explained that the letter put LensCrafters on notice regarding the amount in controversy. *Id.*

District courts since *Babasa* have applied the Ninth Circuit's reasoning to hold that unverified discovery responses constitute "other paper" under § 1446(b). For

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7585-MWF (MRWx)                    Date:  December 6, 2017
Title:     Gabriela Najera *-v.-* Costco Wholesale Corp.

example, in *Santos v. SMX, LLC*, the district court rejected the defendant's argument that an unverified discovery response admitting the amount in controversy was not an "other paper" that could trigger the 30-day time limit, and accordingly held that the defendant's removal was untimely.  No. CV 17-866-PSG (DTBx), 2017 WL 2825924, at *3 (C.D. Cal. June 29, 2017).

Likewise, in *Torres v. Utility Tree Serv., Inc.*, the district court acknowledged that civil procedural rules required discovery responses to be verified, but cited *Babasa* to hold that "such rules do not preclude finding that an unverified discovery response can serve as a proper section 1446(b) notice for purposes of removal."  No. CV 16-3424-BLF, 2017 WL 30561, at *3 (N.D. Cal. Jan. 3, 2017).  In *Torres*, as here, the defendant filed its notice of removal within 30 days of receipt of the **verified** discovery responses, though not within 30 days of receipt of the **unverified** discovery responses. *Id.* at *1.  The district court found the 30-day time limit started upon the defendant's receipt of the unverified responses, and that removal was therefore untimely.  *Id*. at *4.

Here, on September 14, 2017, Defendant acknowledged receipt of unverified discovery responses, the verified versions of which it would later claim provided sufficient information to ascertain removability.  (Notice of Removal ¶ 6).  The Court therefore finds that the Notice of Removal, filed on October 17, 2017, was untimely.

To the extent Defendant appears to argue now that the discovery responses did ***not*** actually provide sufficient information to ascertain diversity of citizenship, and that such diversity could not actually be ascertained until Plaintiff's deposition on September 18, 2017, this argument directly contradicts Defendant's statements in the Notice of Removal.  (Opp. at 11; Notice of Removal ¶ 6).  Moreover, such an argument is unsupported by Ninth Circuit law, which provides that citizenship for diversity purposes depends on where the individual is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is that person's permanent home.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  The discovery responses establish Plaintiff's permanent home as located in California.

At the hearing, Defendant noted the high degree of confidence in the basis for removal that is necessary before a defendant removes an action to federal court, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7585-MWF (MRWx)                          Date:  December 6, 2017
Title:      Gabriela Najera -v.- Costco Wholesale Corp.

explains that, until Plaintiff's deposition on September 18, 2017, Defendant did not have that high degree of confidence in the amount in controversy or Plaintiff's citizenship.  The Court appreciates and understands Defendant's attempt to confirm removability, and takes that into consideration in denying Plaintiff's request for attorneys' fees, as discussed below.  However, the fact remains that as of September 14, 2017, Defendant had access to a Statement of Damages setting forth an amount in controversy, as well as discovery responses and documents provided by Plaintiff confirming Plaintiff's citizenship and her medical expenses.

The Court concludes that Defendant was in receipt of "other papers" from which it could determine removability as of September 14, 2017, and the removal on October 17, 2017 was therefore untimely.

### III.     ATTORNEYS' FEES AND COSTS

Plaintiff requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that remand orders "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  The Court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Whether or not to award fees and costs under § 1447(c) is within the Court's discretion.  *See* 28 U.S.C. § 1447(c) ("order remanding the case ***may*** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal") (emphasis added); *Dall v. Albertson's Inc.*, 349 F. App'x 158, 159 (9th Cir. 2009) ("Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees . . . .").

Plaintiff argues that Defendant lacked an objectively reasonable basis for its untimely removal because Defendant was in receipt of the discovery responses that Defendant admitted provided the grounds for removal on September 13, 2017, and acknowledged receipt of those responses on September 14, 2017.  (Mot. at 9).  Despite the strength of Plaintiff's argument, the Court declines to award attorneys' fees and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-7585-MWF (MRWx) | **Date:** December 6, 2017 |
| Title:     Gabriela Najera *-v.-* Costco Wholesale Corp. | |

costs. As noted at the hearing, in the absence of any Ninth Circuit authority clearly stating that unverified discovery responses constitute "other papers" for purposes of § 1446(b), the Court does not conclude that Defendant had no colorable basis for removing the action on October 17, 2017.

## III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The action is **REMANDED** to the Los Angeles Superior Court.

The request for attorneys' fees and costs is **DENIED**.

IT IS SO ORDERED.